UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CARROLL,<br><br>    Plaintiff,<br><br> v.<br><br>WARDEN, *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-0821 HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 3) |

   Plaintiff, who is a prisoner, initiated this action by filing a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 on May 24, 2021. (Doc. No. 1). Plaintiff accompanied his complaint with a motion for leave to appoint counsel filed May 24, 2021. (Doc. No. 3). The court has not screened Plaintiff's complaint. *See* 28 U.S.C. § 1915A.

   The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other

citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances*." Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Plaintiff argues appointment of counsel is warranted because he can neither afford nor locate an attorney.  (Doc. No. 3). Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018).  Further, Plaintiff's inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

As noted, Plaintiff's complaint has yet to be screened and the court thus cannot assess whether Plaintiff will succeed on the merits. There is therefore no basis for the court taking the extraordinary step of appointing counsel.  Should this case progress and Plaintiff's situation change such that he can demonstrate exceptional circumstances, he may renew his motion for appointment of counsel at that time.

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 3) is **DENIED** without prejudice.
IT IS SO ORDERED.

Dated:   May 25, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2