1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CRAIG CARROLL,                          Case No.  1:21-cv-00821-HBK

12                    Plaintiff,              FINDINGS AND RECOMMENDATIONS TO
                                              DISMISS CASE WITHOUT PREJUDICE
13           v.
                                              FOURTEEN-DAY OBJECTION PERIOD
14    WARDEN, SCOTT, HOLMES,
                                              ORDER TO ASSIGN A DISTRICT JUDGE
15                    Defendants.
                                              (Doc. No.  6)
16

17           Plaintiff Craig Carroll—a state prisoner—proceeds *pro se* on a prisoner civil rights

18    complaint filed under 42 U.S.C. § 1983 on May 20, 2021.  (Doc. No. 1).  On May 20, 2021,

19    Plaintiff filed a motion to proceed *in forma pauperis* (Doc. No. 2), which was denied without

20    prejudice on May 26, 2021, because Plaintiff did not use the court's approved form, did not

21    demonstrate indigence, and did not provide a copy of his inmate account required by § 1915.

22    (Doc. No. 6).  The Court's May 26, 2021, Order directed Plaintiff to complete a proper *in forma*

23    *pauperis* application or pay the requisite filing fee within 21 days.  (*Id*.).  The Court warned

24    Plaintiff that his failure to comply with the Order would result in the recommendation that

25    Plaintiff's case be dismissed for failure to comply with the Court's Order.  (*Id*.).  As of the date on

26    this Report and Recommendation, Plaintiff has not responded or otherwise complied with the

27    May 26, 2021, Order and the time to do so has long expired.  Based on the facts and appliable

28    law, the undersigned recommends this action be dismissed for failure to comply with the Court's

1  order and for failure to prosecute.

2  **APPLICABLE LAW**

3  Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action

4  when a litigant fails to prosecute an action or fails to comply with other Rules or with a court

5  order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889

6  (9th Cir. 2019) (citations omitted).  Local Rule 110 similarly permits the court to impose

7  sanctions on a party who fails to comply with the court's Rules or any order of court.

8  Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the

9  public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3)

10  the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; (5) the

11  availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889  (noting court

12  that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis

13  added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors

14  and independently reviewing the record because district court did not make finding as to each);

15  *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but

16  noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*,

17  963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff

18  did not amend caption to remove "et al" as the court directed and reiterating that an explicit

19  finding of each factor is not required by the district court).

20  **ANALYSIS**

21  The undersigned considers each of the above-stated factors and concludes dismissal is

22  warranted in this case.  As to the first factor, the expeditious resolution of litigation is deemed to

23  be in the public interest, satisfying the first factor.  *Yourish v. California Amplifier*, 191 F.3d 983,

24  990-91 (9th Cir. 1999).  Turning to the second factor, the Court's need to efficiently manage its

25  docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and

26  due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic,

27  operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing

28  Judicial Emergency in the Eastern District of California.  The Court's time is better spent on its

1     other matters than needlessly consumed managing a case with a recalcitrant litigant.

2          A pacer search reveals Plaintiff is no stranger to the federal courts.  Plaintiff has initiated

3     seven (7) federal civil actions in the federal courts.  Significant here is that Plaintiff's litigation

4     history evidences he is aware of the requirement that he must accompany his complaint with a

5     motion to proceed *in forma pauperis* or pay the filing fee, but also that the Court warned Plaintiff

6     that if he failed to timely comply with the Court's order the Court would recommend dismissal.

7          Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to

8     follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th

9     Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with

10    prejudice of habeas petition where petitioner failed to timely respond to court order and noting

11    "the weight of the docket-managing factor depends upon the size and load of the docket, and

12    those in the best position to know what that is are our beleaguered trial judges.").  Delays

13    inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade

14    or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v.*

15    *New York,* 392 U.S. 40, 57 (1968).  Finally, the instant dismissal is a dismissal *without* prejudice,

16    which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

17          After considering the factors set forth *supra* and binding case law, the undersigned

18    recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

19          Accordingly, it is **ORDERED**:

20          The Clerk of Court shall assign a district court judge.

21          It is further **RECOMMENDED**:

22          This case be dismissed without prejudice.

23                    **<u>NOTICE TO PARTIES</u>**

24          These findings and recommendations will be submitted to the United States district

25    judge assigned to the case, pursuant to the provisions 28 U.S.C. § 636(b)(1).  Within fourteen

26    (14) days after being served with these findings and recommendations, a party may file written

27    objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

28    Findings and Recommendations."  Parties are advised that failure to file objections within the

specified

3

1    time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39

2    (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

3

4    Dated:    May 3, 2022

5                                                      HELENA M. BARCH-KUCHTA
                                                       UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                  4